**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Federal Deposit Insurance Corporation, as Receiver for First Arizona Savings, a Federal Savings Bank,<br><br>　　　　Plaintiff/Counterdefendant,<br><br>vs.<br><br>Silvermist, LLLP, an Arizona limited liability limited partnership; and Ronolfo and Marylu Macabuhay, husband and wife,<br><br>　　　　Defendants/Counterclaimants.<br>_____<br>Silvermist, LLLP, an Arizona limited liability limited partnership; and Ronolfo and Marylu Macabuhay, husband and wife,<br><br>　　　　Third-Party Plaintiffs,<br><br>vs.<br><br>Joseph and Kathy Tameron, husband and wife; Skinner Tameron & Company, LLP, an Arizona limited liability company,<br><br>　　　　Third-Party Defendants.<br>_____ | No. CV-10-2447-PHX-DGC<br><br>**ORDER** |

First Arizona Savings ("FAS") and Silvermist, LLLP entered into a construction promissory note. On March 17, 2010, FAS filed a state court complaint for contract deficiency against Silvermist and Ronolfo and Marylu Macabuhay (collectively,

1  "Silvermist"). Doc. 1-2 at 58-94; *see First Am. Savings v. Silvermist, LLC*, No. CV2010-
2  009616 (Ariz. Super. Ct. Mar. 17, 2010). Silvermist asserted counterclaims against FAS
3  (Doc. 1-2 at 36-52) and third-party claims against, among others, Joseph and Kathy Tameron
4  and Skinner Tameron & Company, LLP (*id.* at 9-19).

5  On October 22, 2010, the Federal Deposit Insurance Corporation ("FDIC") was
6  appointed as Receiver for FAS. Doc. 1-1 at 12-14. The FDIC was substituted as Plaintiff
7  for FAS on November 1, 2010 (*id.* at 5-10), and removed the case to this Court nine days
8  later (Doc. 1).

9  The FDIC has filed a motion to dismiss Silvermist's counterclaims for lack of subject
10 matter jurisdiction or, in the alternative, to stay this action pending exhaustion of
11 administrative remedies. Doc. 6. The motion is fully briefed. Docs. 10, 11, 12. No party
12 has requested oral argument.

13 With respect to the counterclaims asserted against the FDIC, Silvermist is required
14 to exhaust administrative remedies pursuant to the Financial Institutions Reform, Recovery
15 and Enforcement Act of 1989, 12 U.S.C. § 1821. *See McCarthy v. FDIC*, 348 F.3d 1075,
16 1076 (9th Cir. 2003). The parties agree (Docs. 11 at 3-4, 12 at 4-5) that because Silvermist
17 may still file a timely administrative claim, a stay rather than dismissal is appropriate. *See*
18 *Intercontinental Travel Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1284 (9th Cir. 1994) ("The
19 district court technically does not lose jurisdiction over the case until the claimant fails to file
20 a timely administrative claim."). The Court will deny the FDIC's motion to the extent it
21 seeks dismissal for lack of jurisdiction. This action will be stayed until the earlier of 180
22 days from the date Silvermist files an administrative claim or 10 days after the FDIC has
23 issued a final determination on the claim. *See* 12 U.S.C. § 1821(d)(5); *Scholl v. FDIC*, No.
24 08-3977 SC, 2009 WL 1625947, at *9 (N.D. Cal. June 5, 2009) (staying action until the
25 FDIC determined the plaintiff's administrative claim).

26 **IT IS ORDERED:**

27 1. The FDIC's motion to dismiss counterclaims or stay this action (Doc. 6) is
28 **granted in part** and **denied in part**. The motion is denied to the extent it

seeks dismissal and granted with respect to the stay request.

2. This action is **stayed** until the earlier of 180 days from the date Silvermist files an administrative claim or 10 days after the FDIC has issued a final determination on the claim.

3. The FDIC shall file a status report no later than **April 1, 2011**.

DATED this 27th day of January, 2011.

_____
David G. Campbell
United States District Judge